IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAVERICK RECORDING COMPANY, a California joint venture; WARNER BROS. RECORDING INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>       Plaintiffs.<br><br>v.<br><br>DAVE MICKEL,<br><br>       Defendant. | Civil Action No.:<br>1:06-cv-00582-KAJ<br><br><br><br>DEFENDANT DEMANDS<br>TRIAL BY JURY |

## ANSWER AND COUNTERCLAIM

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

6. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

7. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

8. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

9. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

10. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

11. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

12. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

13. No response required.

14. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

15. Admitted.

16. Denied.

17. Defendant has no knowledge or information sufficient to form a belief as to the truth of this averment.

18. Denied.

19. Denied.

20. Denied.

## **AFFIRMATIVE DEFENSES**

Defendant, David Mickel, asserts the following affirmative defenses:

21. Plaintiffs fail to state a claim for relief which can be granted by the Court.

22. Plaintiffs are guilty of laches, waiver and estoppel.

23. While Defendant denies all allegations of the Complaint, the conduct alleged in the Complaint would constitute fair use.

24. Defendant Mickel further asserts the affirmative defense of failure to join an indispensable party. Defendant Mickel did not engage in any downloading and/or infringement and, if in fact there were any songs downloaded, Plaintiffs have failed to include individuals who allegedly engaged in the downloading in question and who would be indispensable parties pursuant to Federal Rules of Civil Procedure 12(d)(7) and 19.

25. Plaintiffs are competitors and are a cartel acting collusively in violation of the anti-trust laws and of public policy by tying their copyrights to each other, collectively litigating and settling all cases together, and by entering into an unlawful agreement among themselves to prosecute and dispose of all cases in accordance with a uniform agreement, and through common lawyers, thus overreaching the bounds and scope of whatever copyrights that they may have and also thereby misusing their copyrights.

26. Plaintiffs are guilty of unclean hands.

## COUNTERCLAIM

27. Defendant, David Mickel, never engaged in the conduct alleged by Plaintiffs in this litigation.

28. Plaintiffs were aware and informed that David Mickel never engaged in such conduct and failed to properly investigate their allegations before filing such litigation against David Mickel.

29. Plaintiffs have devised a strategy of pursuing individuals and are aware that some individuals will settle this litigation solely because it is more expensive for them to litigate than to contest litigation.

30. By polling their resources and filing a large number of cases, Plaintiffs have taken advantage of their superior resources to force and cower innocent Defendants into settling litigation where Plaintiffs are aware that Defendants are not liable.

31. In this case Plaintiffs were informed in May, 2006 and August, 2006 that Defendant, David Mickel, never engaged in the conduct alleged by Plaintiffs.

32. Plaintiffs were again contacted on October 25, 2006 and again requested to dismiss this litigation, which they failed to do in spite of being informed that their allegations against the Defendant were untrue.

33. Plaintiffs have chosen to pursue this litigation as part of a comprehensive strategy to enforce the copyrights that they own, and could easily afford to investigate and not pursue those Defendants where there is no evidence that Defendants pursued the alleged activity.

34. While a full investigation would marginally increase the costs to Plaintiffs of pursuing the litigation, any such costs are far outweighed by the benefit that Plaintiffs received in such litigation, whereas the innocent Defendants such as David Mickel who are sued are forced by Plaintiffs to face a choice of either paying for something in settlement for something they did not do or pursuing costly litigation.

35. David Mickel is in fact a paying customer of Plaintiff, BMG Music Service, and has spent close to One Thousand Dollars ($1,000.00) in purchasing jazz, classical, and Christian music sold by BMG Music Service.

36. Plaintiffs' actions in this regard are wrongful, willful, wanton and reckless and with a callous disregard for individuals' rights including their own customers.

37. It is the responsibility of the Court to send the message to the Plaintiffs that the Courts will not tolerate such flagrant, willful, wanton and reckless disregard of rights.

WHEREFORE, Defendant, David Mickel, respectfully requests the Court enter judgment dismissing Plaintiffs' claims and awarding Defendant, David Mickel, sufficient punitive damages and attorneys fees such as to dissuade Plaintiffs from pursuing further litigation against innocent parties such as David Mickel, together with such other and further relief, in law and in equity, to which David Mickel has shown himself to be entitled.

Respectfully submitted,

PARKOWSKI, GUERKE & SWAYZE, P.A.

*/s/ John C. Andrade, Esquire*
JOHN C. ANDRADE, ESQUIRE, I.D. #1037
116 West Water Street, P. O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Defendant, David Mickel

DATED:   October 26, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAVERICK RECORDING COMPANY, a California joint venture; WARNER BROS. RECORDING INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>        Plaintiffs.<br><br>   v.<br><br>DAVE MICKEL,<br><br>        Defendant. | Civil Action No.:<br>1:06-cv-00582-KAJ<br><br><br><br>DEFENDANT DEMANDS<br>TRIAL BY JURY |

## CERTIFICATE OF SERVICE

I, hereby certify that on the 26th day of October, A.D. 2006, I electronically filed Defendant's Answer and Counterclaim with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

>Robert S. Goldman, Esquire
>Lisa C. McLaughlin, Esquire
>Phillips, Goldman & Spence, P.A.
>1200 North Broom Street
>Wilmington, DE 19806

>PARKOWSKI, GUERKE & SWAYZE, P.A.

>*/s/ John C. Andrade, Esquire*
>JOHN C. ANDRADE, ESQUIRE, I.D. #1037
>116 West Water Street, P. O. Box 598
>Dover, DE 19903
>(302) 678-3262
>Attorneys for Defendant, David Mickel